Filed
3/20/2015 11:50:58 AM
Esther Degollado
District Clerk
Webb District
2015CVT000984D4

CAUSE NO. _____

| | | |
|---|---|---|
| PANUNCIO ALVAREZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| V. | § | ___ JUDICIAL DISTRICT |
| ARTHUR ARD and COZY TRUCKING, INC., | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Panuncio Alvarez, Plaintiff, and files this, his Original Petition, complaining of Defendants Arthur Ard and Cozy Trucking, Inc. (hereinafter "Defendants"), and for cause of action would respectfully show unto the Court the following:

I.

### DISCOVERY

1. Plaintiffs intend to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

II.

### PARTIES

2. **Plaintiff.** Panuncio Alvarez is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

3. **Defendant.** Arthur Ard ("Ard") is a natural person and at all times relevant to this cause has been and continues to be a resident of Waxahachie, Texas. Ard can be served by serving him at his residence at 2005 Howard Road, Waxahachie, Texas 75165.

1



EXHIBIT 1B

4.     **Defendant.** Cozy Trucking, Inc. ("Cozy Trucking") is a Texas corporation with its principle office in Houston, Texas. Defendant Cozy Trucking may be served by serving its registered agent for service of process, William Cozine at 5675 Woodside Dr., Haslett, MI 48840.

### III.

### VENUE

5.     Venue is proper in Webb County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002 in that all or substantially all of the events concerning this incident occurred in Webb County, Texas.

### IV.

### FACTS

6.     On February 16, 2015 Plaintiff was traveling southbound near the 13000 block of FM 1472 in his 2007 Chevrolet Aveo. At the same time, Defendant Ard was traveling northbound near the 13000 block of FM 1472 in a 2006 Freightliner, which was owned by and operated on behalf of Defendant Cozy Trucking. As Defendant Ard approached a private driveway, suddenly and without warning, he made a left-hand turn into a private driveway in front of Plaintiff. Defendant Ard's sudden action caused the collision with Plaintiff's vehicle. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

### IV.

### AGENCY AND RESPONDEAT SUPERIOR

7.     At the time of the collision and the occurrences giving rise to this cause of action, Defendant Ard was an employee of Defendant Cozy Trucking.

2

8. At all times material hereto, Defendant Ard was acting as an employee of Defendant Cozy Trucking and was within the course and scope of his employment or official duties for Defendant Cozy Trucking and in furtherance of the duties of his office or employment for Defendant Cozy Trucking.

9. Defendant Cozy Trucking, as the employer, is responsible for the negligent acts or omissions of Defendant Ard under the principles of respondeat superior.

V.

## NEGLIGENCE

10. Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

11. Defendant Ard breached his duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

    a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

    b. Failing to control speed;

    c. Failing to take timely or proper evasive action to avoid the collision in question;

    d. Failing to yield the right of way;

    e. Failing to pay attention; and

    f. Failing to control the subject vehicle so that a collision would not occur.

13. Defendant Cozy Trucking had a duty to exercise ordinary care to hire, train and supervise its driver with respect to ensuring that he was and would continue to be a safe driver

3

with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

14. Defendant Cozy Trucking breached its duty because it knew or should have known that Defendant Ard was not a capable, qualified and knowledgeable driver.

15. Defendant Cozy Trucking breached its duty because it failed to provide the necessary training for Defendant Ard to operate his vehicle in a safe manner and in conformity with the requirements of the law.

16. Defendant Cozy Trucking breached its duty because it failed to supervise Defendant Ard to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

17. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs.

18. Plaintiffs would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

VI.

## DAMAGES

19. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his

4

life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

20. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $200,000.00 but less than $1,000,000.00.

21. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.

## CONDITIONS PRECEDENT

22. All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## VIII.

## REQUEST FOR JURY TRIAL

23. Plaintiff respectfully requests a trial by jury and has paid the jury fee.

**THEREFORE**, Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

1. All medical expenses in the past and future;
2. Mental anguish in the past and future;
3. Physical pain in the past and future;
4. Physical impairment in the past and future;
5. Lost wages;
6. Lost earning capacity;

7. Disfigurement in the past and future;

8. Pre- and post-judgment interest as allowed by law;

9. Costs of suit; and

10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581

By: /s/ James Perrin
Paula A. Wyatt
State Bar No. 10541400
pwyatt@wyattlawfirm.com
James Perrin
State Bar No. 24027611
jperrin@wyattlawfirm.com
Ryan Toomey
State Bar No. 24081178
rtoomey@wyattlawfirm.com
Nathaniel Mack, III
State Bar No. 24078896
nmack@wyattlawfirm.com
**ATTORNEYS FOR PLAINTIFF**