Filed
3/20/2015 11:50:56 AM
Esther Degollado
District Clerk
Webb District
2015CVT000984D4

CAUSE NO. _____

| | | |
|---|---|---|
| PANUNCIO ALVAREZ, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ARTHUR ARD and COZY TRUCKING, | § | |
| INC., | § | |
| | § | |
| **Defendants** | § | WEBB COUNTY, T E X A S |

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT COZY TRUCKING, INC.

COMES NOW Plaintiff, Panuncio Alvarez, in the above-entitled and numbered cause, by and through her attorneys of record, and in accordance with the Texas Rules of Civil Procedure, propounds the following Interrogatories to be answered by Cozy Trucking, Inc.

The following Interrogatories are to be answered separately and fully in the space following each Interrogatory by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent or representative. These Interrogatories shall be signed under oath in the space following the discovery request and are to be served on Plaintiff, by and through her attorneys of record, the Wyatt Law Firm, Ltd., 70 NE Loop 410, Suite 725, San Antonio, Texas 78216, thirty (30) days after the date of service hereof.

You and your attorney, pursuant to the Texas Rules of Civil Procedure, are under a duty to supplement your answers to the Interrogatories if you obtain information upon the basis of which you know that the answer is no longer true, even though it was correct when made. You are advised that the following Interrogatories, together with your answers thereto, may be offered in evidence at the trial of the above entitled and numbered cause.

ALL-STATE LEGAL®
EXHIBIT
1C

The attached definitions are incorporated in the Interrogatories and Plaintiff relies on these definitions to clarify the language contained herein.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581

By:      _/s/ James Perrin_
Paula A. Wyatt
State Bar No. 10541400
James F. Perrin
State Bar No. 24027611
Patrick Ryan Toomey
State Bar No. 24081178
Nathaniel Mack, III
State Bar No. 24078896

## DEFINITIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant to fully and accurately understand the objectives of discovery and to simplify and assist the Defendant in locating and furnishing relevant information in response to this discovery.

1. "Defendant" or "this Defendant" means that party to whom these discovery requests are addressed and propounded and all representatives of such Defendant, acting or purporting to act on behalf of such Defendant with respect to any matter inquired about in these discovery requests, including but not limited to, all employees, attorneys, agents, adjusters or any other representative.

2. "Defendants" means Cozy Trucking, Inc. ("Cozy Trucking") and Arthur Ard ("Ard").

3. "Statement" or "statements" as that term is used includes: (a) a written statement signed or otherwise adopted or approved by the person making it; and (b) any stenographic, mechanical, electrical or other recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

4. "Document" shall mean writings of every kind, source, and authorship, both originals, copies and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including with limitation any governmental agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded material, and any and all attachments to the original

material and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. It shall include communications, in words, symbols, pictures, sound recordings, films, tapes and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the terms shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contract; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advises, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data reports, results and conclusions; records of administrative, technical and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

5.      "Incident", "incident in question", "occurrence", "occurrence in question", "collision" and "collision in question" means and/or refers to the vehicular collision that occurred on February 16, 2015 in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

6.      "Identify" when referring to:

a. a person, means to state his or her full name and present or last known business and residential address and telephone number, and his/her relationship with this Defendant;

b. a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address, state of incorporation and telephone number;

c. a statement, means to identify the person who made it, the person who took or recorded it, and all other persons, if any, who were present during the making thereof; to state when, where and how it was taken or recorded, and to identify the person who has possession, custody or control thereof;

d. a document, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof; and

e. any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof.

7.      "You", "your", or "your company", means the defendant to whom the attached request is addressed and on whose behalf the response is being made.  In the event that the Defendant is a corporation, then each of these words or phrases are intended to refer to each department, division, office, agency, or affiliate thereof.  Further, each of said words or phrases are intended to refer to include present and former officers, directions, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of "Defendant."

8.      "Subject tractor" refers to the tractor that was involved in the collision, being driven by Arthur Ard and own by Cozy Trucking, in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

## INTERROGATORIES TO COZY TRUCKING, INC.

1.  Identify, including job title and description, the person or persons answering and/or assisting in answering these interrogatories.  If more than one person is supplying answers to these interrogatories, identify each person and specify which interrogatory the person answered or assisted in answering.

Answer:

2.  State whether you have been correctly designated as a party Defendant in this case with respect to legal description, name, spelling, etc. and, if not, state how you would be correctly named or designated in an action such as this one.

Answer:

3.  Please state whether Arthur Ard was acting in the course and scope of his employment with you at the time of the incident in question. If not, please describe in detail the relationship between Arthur Ard and this Defendant at the time of the incident, and at present.

Answer:

4.  Identify any and all written agreements you had with Arthur Ard at the time of the incident and/or prior to the incident.

Answer:

5   Identify any pictures, diagrams, or layouts that were made of the scene of this incident, whether you or someone else generated same, and identify the person who has possession of said items.

Answer:

6.  Do you claim that Panuncio Alvarez or any other person was negligent in any way during the occurrence in question?  If so, describe each negligent act or omission committed by such person(s) and identify all persons having knowledge of facts relevant to your allegations.

Answer:

7.  Was this Defendant a party to any lawsuits (civil or criminal) related to motor vehicle incidents during the past ten years? If so, then please state the cause number, court, county and parties to such suit, the date such suit was filed, the status of such litigation, and the allegations made against Defendant in each lawsuit.

Answer:

8.  With respect to the subject truck, please identify the registered owner at the time of the incident.

Answer:

9.  Please describe in detail any and all reports made by you, or anyone else acting on your behalf, concerning the incident, including, but not limited to, all reports made to any state or federal agency.

Answer:

10. Please state how you contend the subject incident occurred. Please describe in your answer the time of day or night, weather conditions, road or street conditions, where Arthur Ard was going and whether any traffic control device or posted signs or painted areas were included within 2 miles of the occurrence.

Answer:

11. Describe the manner in which you compensate drivers and the manner in which Arthur Ard was compensated, if different from your general policy.

Answer:

12. Please provide Arthur Ard's job description for the title he had on the date of the incident.

Answer:

13. Do you contend that the injuries and/or damages suffered by Plaintiffs in the subject collision were proximately caused by any equipment or component defect or failure in the subject truck? If so, please explain fully the equipment or component defect or failure in the subject vehicle.

Answer:

14.   Please describe your cell phone use policy that was in place at the time of the incident.

Answer:

15.   Please state whether you determined if this incident was a preventable or non-preventable on the part of Mr. Ard.

Answer:

16.   Please state your current relationship with Mr. Ard.

Answer:

17.   Identify any and all written agreements you currently have with Arthur Ard.

Answer:

18.   Please describe the standard that this Defendant used to determine the preventability of this incident.

Answer:

Filed
3/20/2015 11:50:56 AM
Esther Degollado
District Clerk
Webb District
2015CVT000984D4

CAUSE NO. _____

| | | |
|---|---|---|
| PANUNCIO ALVAREZ, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ARTHUR ARD and COZY TRUCKING, | § | |
| INC., | § | |
| | § | |
| **Defendants** | § | WEBB COUNTY, T E X A S |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT COZY TRUCKING, INC.

COMES NOW Plaintiff, Panuncio Alvarez, in the above-entitled and numbered cause, by and through his attorneys of record, and in accordance with the Texas Rules of Civil Procedure, propounds the following Request for Production to be answered by Cozy Trucking, Inc.

The following Requests for Production are to be answered separately and fully in the space following each Request for Production by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent or representative. The Responses to the Requests for Production are to be served on Plaintiff, by and through his attorneys of record, the Wyatt Law Firm, Ltd., 70 NE Loop 410, Suite 725, San Antonio, Texas 78216, fifty (50) days after the date of service hereof.

You and your attorney, pursuant to the Texas Rules of Civil Procedure, are under a duty to supplement your answers to the Requests for Production if you obtain information upon the basis of which you know that the answer is no longer true, even though it was correct when made. You are advised that the following Requests, together with your answers thereto, may be offered in evidence at the trial of the above entitled and numbered cause.

Page | 1

The attached definitions are incorporated in the Requests for Production and Plaintiff relies on these definitions to clarify the language contained herein.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone:  (210) 340-5550
Facsimile:  (210) 340-5581

By:  /s/ James Perrin
Paula A. Wyatt
State Bar No. 10541400
James F. Perrin
State Bar No. 24027611
Ryan Toomey
State Bar No. 24081178
Nathaniel Mack, III
State Bar No. 24078896

## DEFINITIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant to fully and accurately understand the objectives of discovery and to simplify and assist the Defendant in locating and furnishing relevant information in response to this discovery.

1.      "Defendant" or "this Defendant" means that party to whom these discovery requests are addressed and propounded and all representatives of such Defendant, acting or purporting to act on behalf of such Defendant with respect to any matter inquired about in these discovery requests, including but not limited to, all employees, attorneys, agents, adjusters or any other representative.

2.      "Defendants" means Cozy Trucking, Inc. ("Cozy Trucking") and Arthur Ard ("Ard").

3.      "Statement" or "statements" as that term is used includes: (a) a written statement signed or otherwise adopted or approved by the person making it; and (b) any stenographic, mechanical, electrical or other recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

4.      "Document" shall mean writings of every kind, source, and authorship, both originals, copies and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including with limitation any governmental agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded material, and any and all attachments to the original

Page | 3

material and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. It shall include communications, in words, symbols, pictures, sound recordings, films, tapes and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the terms shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contract; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advises, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data reports, results and conclusions; records of administrative, technical and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

5.    "Incident", "incident in question", "occurrence", "occurrence in question", "collision" and "collision in question" means and/or refers to the vehicular collision that occurred on February 16, 2015 in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

6.    "Identify" when referring to:

a. a person, means to state his or her full name and present or last known business and residential address and telephone number, and his/her relationship with this Defendant;

b. a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address, state of incorporation and telephone number;

c. a statement, means to identify the person who made it, the person who took or recorded it, and all other persons, if any, who were present during the making thereof; to state when, where and how it was taken or recorded, and to identify the person who has possession, custody or control thereof;

d. a document, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof; and

e. any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof.

7.   "You", "your", or "your company", means the defendant to whom the attached request is addressed and on whose behalf the response is being made.  In the event that the Defendant is a corporation, then each of these words or phrases are intended to refer to each department, division, office, agency, or affiliate thereof.  Further, each of said words or phrases are intended to refer to include present and former officers, directions, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of "Defendant."

8.   "Subject tractor" refers to the tractor that was involved in the collision, being driven by Arthur Ard and own by Cozy Trucking, in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

## PLAINTIFF'S REQUESTS FOR PRODUCTION
## TO COZY TRUCKING, INC.

1. Please produce any and all cell phone bills that would show whether or not Arthur Ard was using a cell phone on the date of the incident.

Response:

2. Please provide any documents concerning your cell phone use policy at the time of the incident.

Response:

3. Please produce the driver qualification file kept by you pertaining to Arthur Ard. This request seeks production of documents pertaining to Arthur Ard which include, but are not limited to:

   a. Driver application;

   b. List of previous employers for the 10 years preceding the date of employee application;

   c. The reasons for leaving said employments;

   d. Medical certificate showing that Arthur Ard was medically certified to drive a tank-trailer truck on the date of the incident in question;

   e. A note and/or notes showing when and who from Cozy Trucking reviewed Arthur Ard's driving record with him for each year of employment;

   f. A list of certificates showing all violations of motor vehicle laws and ordinances pertaining to Arthur Ard for the last 10 years;

   g. Responses from state agencies and employers to your inquiries about Arthur Ard's employment and driving records within the last 10 years;

   h. Certificate of road test;

   i. Records of drug and alcohol tests conducted during the last 10 years; and

   j. Any and all other documents which you are required to maintain pertaining to Arthur Ard pursuant to 49 CFR 391.51; 49 CFR 391.25; 49 CFR 391.27 and/or 49 CFR 391.31(e).

Response:

4.    Please produce the personnel file regarding Arthur Ard.

**Response:**

5.    Please produce any and all statements from Arthur Ard concerning the subject incident.

**Response:**

6.    Please produce any and all inter-company and intra company memoranda or correspondence, including emails, regarding safety and/or emergency procedures adopted by Cozy Trucking that were in place at the time of the incident.

**Response:**

7.    Please produce any and all inter-company and intra company memoranda or correspondence, including emails, regarding the subject incident.

**Response:**

8.    Please produce any and all documents relating to any investigation, citation or compliance review of your company by the Department of Transportation or any other governmental agency.

**Response:**

9.    For the date of the incident and the 180 days before the incident please produce any and all documents, records or other data from any GPS monitoring system used to keep track of the subject tractor/trailer.

**Response:**

10.   Please produce all records, notes, files, memoranda, emails, or other similar documentation indicating any awareness on your part that Arthur Ard was an unsafe and/or unqualified driver.

**Response:**

11.   Please produce all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

Response:

12.   Please produce all documents containing the results of any drug and/or alcohol test that was administered to Arthur Ard within 72 hours of the incident in question.

Response:

13.   Please produce copies of the following records that pertain to the trip Arthur Ard was making at the time of the incident in question:

a.   Any and all tachometer records;

b.   Any and all on-board computer records;

c.   Any and all dispatch records;

d.   Any and all fax transmissions;

e.   Any and all telephone records;

f.   Any and all mobile radio records;

g.   Any and all trip summaries;

h.   Any and all delivery manifests and/or way bills;

i.   Any and all credit card receipts;

j.   Any and all fuel receipts;

k.   Any and all weight tickets;

l.   Any and all expense sheets;

m.   Any and all bills of lading;

n.   Any and all records and/or print-outs by an on-board recording devices which the tractor in question was equipped with at the time of the incident in question;

o.   Any and all driver logs;

p.   Any pre-trip and post-trip inspections.

Response:

14.   Please produce copies of accident review procedures and/or rules adopted by Cozy Trucking to determine whether any accident is preventable or non-preventable.

Response:

15.   Please produce copies of the Accident Register of Cozy Trucking, which pertain to the incident in question.

Response:

16.   Please produce copies of any Accident Register of Cozy Trucking covering a period of two years prior to the date of the incident in question.

Response:

17.   Please produce any Certificate of Authority, license or permit, held by Defendant on the date of the incident in question, permitting Defendant to engage in the business of a motor carrier.

Response:

18.   For a period commencing (180) days prior to the incident made the basis of this suit and ending ninety (90) days after such incident, please produce all driver's log books, logs, inspection logs/reports, and any other document pertaining to Defendant Ard.

Response:

19.   Please produce all documents reflecting, or from which could be derived, the total weight for the tractor trailer combination on the occasion in question.

Response:

20.   Please produce a copy of the weight-bill for the cargo being transported at the time of the incident.

Response:

21.   Please produce all documents reflecting, or from which could be derived, the empty and gross registered weight for the tractor trailer as registered with the State of Texas.

Response:

22.   Please produce a copy of any survey or plat made of the accident scene.

Response:

23.   Please produce a copy of any damage appraisal made of the subject tractor trailer.

Response:

24.   Please produce all trip receipts for the 180 days prior to the incident and the date of the incident.

Response:

25.   Please produce all rules, policies, regulations and/or procedures of Cozy Trucking, which Arthur Ard was required to follow on the day of the collision in question.

Response:

26.   Please produce all post-accident investigations of the collision in question including, but not limited to, those that are required by company policy or procedures of Cozy Trucking.

Response:

27.   Please produce all records relating to pre-trip and post trip inspections of the subject tractor trailer for the date of the incident and 180 days prior to the incident.

Response:

28.   Please produce all policies regarding alcohol and drug testing required by Cozy Trucking after an accident.

Response:

29.   Please produce your billing records and other document showing use and time of use for any cell phone, CB radio, or other similar device for the time of the incident, as well as the 24 hours before and after the incident.

**Response:**

30.   Please produce all release tickets obtained for the day of and the seven days before the collision.

**Response:**

31.   Please furnish a copy of each photograph, motion picture, video, map, drawing, chart, diagram, measurement, survey, or other documents concerning the incident, including the scene of the incident, the subject tractor-trailer and any accident reconstruction done on your behalf.

**Response:**

32.   Please furnish a copy of all documentation of any inspection, examination, test, repair or analysis of the subject tractor trailer done after the incident.

**Response:**

33.   Please produce legible copies of any and all contracts, agreements and/or documents pertaining to Arthur Ard's relationship with Cozy Trucking on the day of the occurrence.

**Response:**

34.   Please produce copies of all documents, accident and/or safety related rules, brochures, pamphlets, safety meeting notes, manuals, procedures or other writings published, distribution or supplied by you to Arthur Ard that concern the operation of a commercial motor vehicle.

**Response:**

35.   For a period commencing (180) days prior to the incident made the basis of this suit and ending ninety (90) days after such incident, please produce all driver's log books, logs, inspection logs/reports, and any other document pertaining to the subject tractor trailer.

Response:

36.     For a period commencing twelve months prior to the incident made the basis of this suit and ending (90) days after such incident, please produce all repair tickets, repair invoices, bills, maintenance logs or sheets, and other documents relating to any and all repairs, modifications, alterations performed on the subject tractor trailer.

Response:

37.     Please produce all instructions, directions, guidelines, policies and procedures regarding safety and which were distributed to or communicated by you during the past five (5) years to any driver of a commercial vehicle.

Response:

38.     Please produce receipts and/or invoices for any maintenance and/or repair work done on the tractor trailer as a result of the subject incident.

Response:

39.     Please produce all written safety policies, rules, procedures and/or manuals that Cozy Trucking required Arthur Ard to follow on the date of the incident.

Response:

40.     Please produce all documents concerning any disciplinary actions taken by Cozy Trucking against Arthur Ard within the last 10 years.

Response:

41.     Please produce all payroll or payment records concerning any payments made to Arthur Ard for the date of the incident and 120 days prior to the incident in question.

Response: