Filed
3/20/2015 11:50:56 AM
Esther Degollado
District Clerk
Webb District
2015CVT000984D4

CAUSE NO. _____

| | | |
|---|---|---|
| PANUNCIO ALVAREZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § § § | |
| V. | § § | \_\_\_ JUDICIAL DISTRICT |
| ARTHUR ARD and COZY TRUCKING, INC., | § § § | |
| Defendants | § | WEBB COUNTY, T E X A S |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT ARTHUR ARD

COMES NOW Plaintiff, Panuncio Alvarez, in the above-entitled and numbered cause, by and through her attorneys of record, and in accordance with the Texas Rules of Civil Procedure, propounds the following Interrogatories to be answered by Arthur Ard.

The following Interrogatories are to be answered separately and fully in the space following each Interrogatory by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent or representative. These Interrogatories shall be signed under oath in the space following the discovery request and are to be served on Plaintiff, by and through her attorneys of record, at the Wyatt Law Firm, Ltd., 70 NE Loop 410, Suite 725, San Antonio, Texas, 78216, fifty (50) days after the date of service hereof.

You and your attorney, pursuant to the Texas Rules of Civil Procedure, are under a duty to supplement your answers to these Interrogatories if you obtain information upon the basis of which you know that the answer is no longer true, even though it was correct when made. You are advised that the following Interrogatories, together with your responses thereto, may be offered in evidence at the trial of the above entitled and numbered cause.



The attached definitions are incorporated in these Interrogatories and Plaintiff relies on these definitions to clarify the language contained herein.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581

By: _____/s/ James Perrin_____
Paula A. Wyatt
State Bar No. 10541400
James F. Perrin
State Bar No. 24027611
Patrick Ryan Toomey
State Bar No. 24081178
Nathaniel Mack, III
State Bar No. 24078896

## DEFINITIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant to fully and accurately understand the objectives of discovery and to simplify and assist the Defendant in locating and furnishing relevant information in response to this discovery.

1. "Defendant" or "this Defendant" means that party to whom these discovery requests are addressed and propounded and all representatives of such Defendant, acting or purporting to act on behalf of such Defendant with respect to any matter inquired about in these discovery requests, including but not limited to, all employees, attorneys, agents, adjusters or any other representative.

2. "Defendants" means Cozy Trucking, Inc. ("Cozy Trucking") and Arthur Ard ("Ard").

3. "Statement" or "statements" as that term is used includes: (a) a written statement signed or otherwise adopted or approved by the person making it; and (b) any stenographic, mechanical, electrical or other recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

4. "Document" shall mean writings of every kind, source, and authorship, both originals, copies and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including with limitation any governmental agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded material, and any and all attachments to the original

material and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. It shall include communications, in words, symbols, pictures, sound recordings, films, tapes and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the terms shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contract; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advises, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data reports, results and conclusions; records of administrative, technical and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

5. "Incident", "incident in question", "occurrence", "occurrence in question", "collision" and "collision in question" means and/or refers to the vehicular collision that occurred on February 16, 2015 in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

6. "Identify" when referring to:

a. a person, means to state his or her full name and present or last known business and residential address and telephone number, and his/her relationship with this Defendant;

b. a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address, state of incorporation and telephone number;

c. a statement, means to identify the person who made it, the person who took or recorded it, and all other persons, if any, who were present during the making thereof; to state when, where and how it was taken or recorded, and to identify the person who has possession, custody or control thereof;

d. a document, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof; and

e. any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when the date or dates the document was made, the title of the document, if any and the identity of the person who has possession, custody or control thereof.

7.  "You", "your", or "your company", means the defendant to whom the attached request is addressed and on whose behalf the response is being made. In the event that the Defendant is a corporation, then each of these words or phrases are intended to refer to each department, division, office, agency, or affiliate thereof. Further, each of said words or phrases are intended to refer to include present and former officers, directions, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of "Defendant."

8.  "Subject tractor" refers to the tractor that was involved in the collision, being driven by Artbur Ard and own by Cozy Trucking, in Webb County, Texas, and more fully described in Plaintiffs' Original Petition and any amendments thereto.

## PLAINTIFF'S INTERROGATORIES TO ARTHUR ARD

1.  Identify, including job title and description, the person or persons answering these interrogatories. If more than one person is supplying the answers to these interrogatories, identify which of these persons is answering each interrogatory.

    Answer:

2.  Beginning ten (10) years prior to the incident made the basis of this suit and continuing through the time of the trial of this cause, please list all persons and/or entities by whom you have been employed, including any self-employment; and for each employer or self-employment, include their address, your job duties, the date your employment began, the date your employment ended, the rate of pay with each such employment, and the reason, if any, for the termination of such employment.

    Answer:

3.  If you have ever been arrested for or convicted of driving while intoxicated or another felony or misdemeanor offense, please state the nature of the offense, the place and time of the arrest and/or conviction, if any, and any prison, jail or probation time served.

    Answer:

4.  If you have ever had your driver's license suspended, cancelled or revoked for any reason, please state the reason for such suspension, cancellation or revocation, and the place and time such action occurred.

    Answer:

5.  Was this Defendant involved in any motor vehicle collisions during the past ten years? If so, then please state the date of each such collision, where the collision occurred and identify each person involved in each such collision.

    Answer:

6.  Please describe in detail the truck you were driving when the incident made the basis of this lawsuit occurred. Please include in your description the registered owner's name, the make, model and model year of the truck, DOT number, and the condition of the brakes, lights, tires, turn signals and steering apparatus at the time of the incident made the basis of this suit.

Answer:

7. Please state your contention as to how the subject incident occurred.

Answer:

8. If you consumed or ingested any intoxicating or alcoholic beverages or other substances, or consumed or ingested any drugs or supplements, whether prescription or otherwise, within the twenty-four hour period preceding the subject incident, please state what you consumed, how much you consumed, and when and where such consumption occurred.

Answer:

9. Identify any pictures, diagrams, or layouts that were made of the scene of this incident, after the incident in question, whether you or someone else generated same and identify who has possession of said items.

Answer:

10. Do you claim that Panuncio Alvarez and/or any other individuals were negligent in any way concerning the events giving rise to this lawsuit? If so, state the way in which you claim that the individual was negligent and give the names and addresses of all persons having knowledge of such facts.

Answer:

11. Please describe the trip of the subject truck during which said incident occurred and state with regard to the point of departure, the streets traveled, the purpose of said trip and any stops made during the trip and the purpose of any stop.

Answer:

12. Please describe the actions you took to avoid or prevent the subject collision.

Answer:

13. Please describe in detail your relationship with Cozy Trucking, Inc. at the time of the occurrence in question and at the present time.

Answer:

14. Please describe your current relationship with Cozy Trucking. If you are no longer employed by Cozy Trucking, please state the reason why you are no longer employed by Cozy Trucking.

Answer:

15. Was this Defendant a party to any lawsuit (civil or criminal) related to motor vehicle collisions during the past ten years? If so, then please state the cause number, court, county and parties to such suit, the date such suit was filed, the status of such litigation, and the allegations made against you.

Answer:

16. Please describe in detail any and all reports and/or statements made by you, or anyone else acting on your behalf, that concern this incident, including, but not limited to, all reports made to any state or federal agency.

Answer:

17. Do you contend that the injuries and/or damages suffered by Plaintiff in the subject collision were proximately caused by any equipment or component defect or failure in the subject truck? If so, please explain fully the equipment or component defect or failure in the subject truck.

Answer:

18. Describe all of your activities for the twenty-four hours preceding the incident, including hours of driving, meals eaten, ingestion of alcoholic beverages or drugs, rest stops visited, and hours of sleeping.

Answer:

19. If at the time of the incident you had access and/or use of a cell phone or CB radio or other similar communication device, then describe and identify said device, the owner of same, the account number, telephone number, and identify the address to which bills for use of each said device are sent.

Answer:

20. Please list all moving violations you received a citation for in the last ten years, including the type of violation, and location.

Answer:

21. Please state if you were using a cell phone and/or other mobile device at the time of the incident.

Answer:

22. Please state why you caused the subject truck you were operating to collide with any other vehicle involved in the subject incident.

Answer:

## REQUESTS FOR PRODUCTION TO ARTHUR ARD

1. Please furnish a copy of each photograph, motion picture, video, map, drawing, chart, diagram, measurement, survey, or other documents concerning the incident, including the scene of the incident, the subject tractor trailer and any accident reconstruction.

   Response:

2. Please furnish a copy of all written inspection, examination, test, repair or analysis of the subject tractor and trailer.

   Response:

3. Please produce copies of any and all reports, evaluations and/or investigations relating to the incident in question.

   Response:

4. Please produce legible copies of any and all contracts, agreements and/or documents pertaining to your relationship with Cozy Trucking on the day of the occurrence.

   Response:

5. Please produce copies of all accident and/or safety related rules, brochures, pamphlets, safety meeting notes, manuals, procedures or other writings published and/or distributed or supplied to you within the last five (5) years that concern the operation of a commercial motor vehicle.

   Response:

6. Please produce copies of all documents, accident and/or safety related rules, brochures, pamphlets, safety meeting notes, manuals, procedures or other writings published, distribution or supplied to you by Cozy Trucking.

   Response:

7. For a period commencing (180) days prior to the incident made the basis of this suit and ending ninety (90) days after such incident, please produce all driver's log books, logs, inspection logs/reports, and any other document pertaining to the subject tractor trailer.

Response:

8. For a period commencing twelve months prior to the incident made the basis of this suit and ending (90) days after such incident, please produce all repair tickets, repair invoices, bills, maintenance logs or sheets, and other documents relating to any and all repairs, modifications, alterations performed on the subject tractor trailer.

Response:

9. Please produce all safety handbooks, safety policies, safety instructions, safety procedures, and other safety-related documents used by you within the past five (5) years.

Response:

10. Please produce all instructions, directions, guidelines, policies and procedures regarding safety and which were distributed to or communicated to you by Cozy Trucking.

Response:

11. Please produce a copy of any contract of employment and/or hire that would govern any relationship between you and Cozy Trucking.

Response:

12. Please produce a copy of any survey or plat made of the accident scene.

Response:

13. Please produce a copy of any damage appraisal made of the subject tractor trailer.

Response:

14. Please produce your entire personnel file at Cozy Trucking.

Response:

15. Please produce all records and documents relating to any driving tests administered to you by, at the direction of, or in connection with you driving for Cozy Trucking.

Response:

16. Please produce all records and documents relating to all written tests administered to you by, at the direction of, or in connection with you driving for Cozy Trucking.

Response:

17. Please produce all certifications of road tests and the results of any actual road tests administered to you by, at the direction of, or in connection with you driving for Cozy Trucking.

Response:

18. Please produce all medical certificates, reports, examinations, tests, lab studies and records indicating that you were in proper health to operate a commercial vehicle on the day of the incident.

Response:

19. Please produce all documents referencing disciplinary actions or proceedings relating to your conduct while operating a commercial vehicle during the last 10 years.

Response:

20. Please produce your complete drivers' qualification file at Cozy Trucking.

Response:

21. Please produce all of your payroll records and time sheets for the twelve (12) months prior to the incident reflecting time actually worked.

Response:

22. Please produce all trip receipts for the date of the incident and 180 days prior to the incident.

**Response:**

23. Please produce all records and documents relating to all prior motor vehicle accidents you have been involved in.

**Response:**

24. Please produce all drivers' licenses issued to or in effect for you for the past ten (10) years.

**Response:**

25. Please produce all documents reflecting your driving record in any state in which you have received a traffic citation while driving a motor vehicle within the preceding ten (10) years.

**Response:**

26. Please produce all rules, policies, regulations and/or procedures which you were required to follow by Cozy Trucking on the day of the collision in question.

**Response:**

27. Please produce the result of any alcohol and/or drug screen tests taken by you for the past ten (10) years.

**Response:**

28. Please produce all post-accident investigations of the collision in question including, but not limited to, those that are required by company policy or procedures of Cozy Trucking.

**Response:**

29. Please produce all records relating to pre-trip and post trip inspections of the subject tractor trailer for the date of the incident and 180 days prior to the incident.

**Response:**

30. Please produce all policies regarding alcohol and drug testing required by Cozy Trucking after an accident.

Response:

31. Please produce your billing records and other document showing use and time of use for any cell phone, CB radio, or other similar device for the time of the incident and the hour before and after the incident.

Response:

32. Please produce all bills of lading and/or manifests that were in use at the time of the occurrence.

Response:

33. Please produce all release tickets obtained for the day of and the seven days before the collision.

Response:

34. Please produce all tangible evidence which may be relevant to any of the issues in this suit, including but not limited to, all photographs, documents, videotapes, motion pictures, and reports relating to the collision.

Response: